## J. H. SMITH v. WILLIAM MUNHALL.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
NO. 2 OF ALLEGHENY COUNTY.

Argued November 5, 1890—Decided January 5, 1891.

(a) Plaintiff assigned to Munhall, certain leaseholds for oil and gas production, in consideration that " if the said Munhall, or assignees, operate " thereon, " on each of said leases he so operates, and if oil is found in paying quantities, the said Munhall, or assignees," shall pay to plaintiff $100 " for the lease upon which a paying well is found : "

1. The plaintiff's statement of claim in assumpsit, averring that defendant Munhall did not operate on any of said leaseholds, but surrendered

the leases to the landowners and took new leases in his own name, which he thereupon sold to innocent purchasers, showed no cause of action to recover the stipulated payments, and no breach of the contract sued upon.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 178 October Term 1890, Sup. Ct.; court below, No. 356 April Term 1889, C. P. No. 2.

On March 2, 1889, a summons was served in assumpsit brought by J. Henry Smith against William Munhall. The plaintiff, on March 13th, filed a statement of claim, verified by affidavit, averring in substance:

That on certain dates stated, in October, 1885, the plaintiff became the lessee of twelve certain tracts of land, containing in all 961 acres, for the purpose of operating thereon for oil or gas; that said leases were duly recorded, the place of record of each being given; that on December 16, 1886, the plaintiff and said William Munhall entered into a written contract under seal, a copy of which was given, whereby, in consideration of $33, paid in hand by said Munhall to plaintiff, the latter assigned, etc., all said leaseholds to said Munhall; the names of the landowners, the number of acres, and the date of the lease, being stated, and the contract then proceeding:

"In consideration of the above grant, it is agreed to that if the said Munhall, or assignees, operate under the said leaseholds, that on each of said leases he so operates, and if oil is found in paying quantities, the said Munhall, or assignees, agree to pay to J. Henry Smith the sum of one hundred dollars for the lease upon which a paying well is found.

"It is further agreed to that the said Munhall, or assignees, have the privilege, at any time, instead of paying the one hundred dollars on each lease, as above specified, he may pay one thousand dollars to said J. Henry Smith, which said Smith agrees to accept in full payment of all his claims in and to the said named leaseholds."

The statement then averred that on the back of each lease the plaintiff executed an assignment to said defendant, and delivered said leases so assigned to the defendant; that the defendant did not operate on any of said leaseholds, but surrendered the leases to the lessors, respectively, and took from them

new leases to himself, which he thereupon sold and assigned to innocent purchasers thereof; whereby the defendant had rendered himself liable to the plaintiff for the sum of $1,200, the amount by said agreement to be paid by the defendant to the plaintiff, etc., etc.

To the foregoing statement of claim the defendant filed a demurrer, assigning as reasons that the plaintiff's statement of claim showed no cause of action, and no breach of the contract sued on.

The demurrer having been argued, the court, EWING, P. J., filed the following opinion and order:

By the article of agreement, on which this suit is brought, the plaintiff assigns to the defendant the twelve several oil leases therein mentioned, for the payment to him in hand of the sum of thirty-three dollars, which payment it is admitted was made, "and in consideration of further conditional payments, hereinafter named," to wit, "that if the said Munhall, or assignees, operate under the said leaseholds, that on each of said leases he so operates, and if oil is found in paying quantities, the said Munhall, or assignees, agree to pay to J. Henry Smith the sum of one hundred dollars for the lease upon which a paying well is obtained;" with a further provision that Munhall, or assignees, may elect to pay $1,000 in full for the whole.

There is no promise or agreement, on the part of Munhall, or his assigns, to operate for oil. Under the agreement, he may or may not conclude to bore on one, or all, or none of the leaseholds.

It is not alleged that Munhall, or any other person, has obtained oil in any quantity on any one of the leaseholds. The breach of the agreement complained of, is, that it is alleged that Munhall surrendered the leases to the owners of the land, and took new leases on the same land in his own name, and has assigned the same to other parties.

How has this affected the plaintiff? He retained no lien on the land, or the oil, as security for the conditional payments. His claim is a personal one on Munhall. The old leases could have been assigned to third parties, as the record stood, without any liability to Smith, the plaintiff. His claim for payment can be enforced only when oil is found on the land in paying quantities.

Opinion of the Court.

The surrender of the leases, and the taking of new leases in his own name, did not affect the legal rights of the plaintiff; possibly it may be of advantage to him. We can see no reason to doubt that if, at any time during the period for which the leases run, any person find oil in paying quantities on the land, the plaintiff can recover the stipulated conditional payment from Munhall. The condition will then have been fulfilled; but, until that time has arrived, his suit is premature. The law is with the defendant.

And now, March 28, 1889, after argument and upon consideration, judgment is entered on the demurrer, in favor of the defendant, with costs.

—Thereupon the plaintiff took this appeal, assigning the entry of judgment on the demurrer for the defendant.

*Mr. A. Blakeley* (with him *Mr. A. M. Blakeley*), for the appellant.

That, by the action of assumpsit, effect is given to the same principles that are administered through a bill in equity, counsel cited: Menges v. Oyster, 4 W. & S. 23; Bank of Columbus v. Bank of U. S., 4 Clark 125; Gochenauer v. Cooper, 8 S. & R. 199; Work v. Work, 14 Pa. 318; Lee v. Gibbons, 14 S. & R. 105; Bixler v. Kunkle, 17 S. & R. 308.

*Mr. W. F. McCook*, for the appellee, was not heard.

PER CURIAM:

This case is affirmed upon the opinion of the learned judge of the court below.

Judgment affirmed.